### No. 2389
### Second Circuit Appeal

## E. CAS FLAHERTY v. PARKERSBURG RIG AND REEL COMPANY, ET AL.

(June 23, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant— 159. 160 (j).**

The evidence clearly shows that the injured employee, suing under Section 8, Subsection 1 (b) of the Workmen's Compensation Law, Act No. 20 of 1914, is permanently disabled to do work of any reasonable character due to falling from a scaffold which caused a sprained back, and injured his sacroiliac joint. He can recover compensation during the period of his disability not exceeding 400 weeks.

2. **Louisiana Digest—Master and Servant— Par. 160 (k).**

In the judgment of the court, attorney's fees in workmen's compensation cases are limited to a maximum of one-third of the amount recovered.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo, Hon. E. P. Mills, Judge.

This is a suit by an injured employee for compensation under the Workmen's Compensation Law, Act No. 20 of 1914.

There was judgment for plaintiff and plaintiff appealed.

Judgment increased and affirmed.

Long & Crow, of Shreveport, attorneys for plaintiff, appellant.

Smitherman, Tucker & Mason, of Shreveport; Gordon Boswell, of New Orleans, attorneys for defendants, appellees.

REYNOLDS, J. This suit is a suit by E. Cas Flaherty to recover from Parkersburg Rig & Reel Company and the Ocean Accident & Guarantee Corporation, Limited, in solido, judgment for $20 per week during his disability, not exceeding 400 weeks, as compensation under the Workmen's Compensation Act for an injury received by him by falling from a scaffold and spraining his back and injuring his sacro-iliac joint.

Defendants do not deny that plaintiff received serious injury but allege that they have paid him $20 per week from the time of the accident up to the time of the filing of this suit, amounting in all to $520, and allege that compensation should be allowed him only for 52 weeks.

On these issues the case was tried and judgment was rendered in favor of plaintiff and against defendants for compensation at the rate of $20 per week for 250 weeks, and plaintiff appealed.

OPINION.

Under the evidence it is clear that plaintiff is injured so as to produce permanent total disability to do work of any reasonable character.

And under subsection (b) of Section 8 of the Workmen's Compensation Act, plaintiff is entitled to collect, under the evidence in this case, $20 per week during the period of his disability, for not over 400 weeks; and the judgment appealed from must be amended so as to read accordingly.

Under the decisions of this court the approval of compensation of attorneys for services rendered in cases of this character has been limited to one third of the net amount recovered by the plaintiff, and to allow the attorneys in this case one-third of the $520 paid by defendants to plaintiff before this suit was filed would be, we think, unfair to the plaintiff who, the

evidence shows, is a man of limited education.

(Transcript, page 7):

"Q. Are you a man of any education?
"A. No, sir, I never got above the seventh grade."

For the above reasons, the judgment of the lower court is amended and recast so as to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, E. Cas Flaherty, and against the defendants, Parkersburg Rig & Reel Company and The Ocean Accident & Guarantee Corporation, Limited, in solido, for compensation at the rate of $20 per week during the period of his disability, not exceeding 400 weeks, beginning August 15, 1924, with interest at the rate of 5% per annum on each weekly payment from its maturity until paid; less a credit of $520 already paid by defendants to plaintiff.

It is further ordered, adjudged and decreed that the contract between plaintiff and his attorneys, Long & Crow, be approved up to one-third of the net amount of this judgment.

It is further ordered, adjudged and decreed that defendants pay all costs.